(No. 74-CV-52–)

JEROME PETERS, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed November 4, 1974.*
*Amended opinion filed January 27, 1975.*

JEROME PETERS, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; GEORGE MUSTIS, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal aggravated battery on December 17, 1973, at 147th and Ashland Avenue, Harvey, Illinois. Jerome Peters of 16349 Dixie Highway, Markham, Illinois, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act" (hereafter referred to as the "Act"), *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71 et. seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois, which substantiates the matter set forth in the application. Based upon the documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant was a victim of a violent crime covered under *Ill. Rev. Stat., 1973, Ch. 70, Sec. 72*, to wit:

"Aggravated Battery, *Ill. Rev. Stat., 1973, Ch. 38, Sec. 12-4*"

2. That said crime occurred at 6:05 p.m. on December 17, 1974, at 147th and Ashland Avenue, Harvey, Illinois, at which time claimant suffered gunshot wounds to the face and abdomen.

3. That said crime was reported to Harvey Police Department, Harvey, Illinois, promptly and claimant has cooperated fully with law enforcement officials. That, the assailant was identified as Gary Jordan, of YMCA, Harvey, Illinois. That Gary Jordan pleaded guilty to the battery of the claimant and further that the assailant, Gary Jordan, was sentenced on March 7, 1974 to 11 months in the Cook County Jail with two years probation at completion of sentence.

4. That there was no evidence that claimant was a relative or member of the same household of the assailant.

5. That the injury to claimant was not attributable either to his wrongful act or substantial provocation on his part.

6. That claimant has suffered damages in excess of $200.00 compensable by Section 74 of the Act, to wit:

| | | |
|---|---|---|
| A. | Hospital Expenses | $ 8,482.49 |
| B. | Doctor Expenses | $ 2,235.00 |
| | TOTAL MEDICAL EXPENSES | $10,717.49 |

7. That claimant was unable to work from December 18, 1973, to March 29, 1974, as the result of his injuries. That he sustained an actual net loss in wages in the amount of $1,062.15 for this period. That this loss is less than the statutory maximum and is totally compensable under the Act.

| | |
|---|---|
| NET WAGE LOSS | $ 1,062.15 |
| TOTAL EXPENSES AND LOST WAGES | $11,779.64 |

8. That direct benefits have been paid to the hospital and doctors by Blue Cross and Blue Shield, Certificate No. 51100-96440 in the amount of $10,153.55.

| | |
|---|---|
| LESS INSURANCE BENEFITS | $10,153.55 |
| TOTAL UNREIMBURSED EXPENSES | $ 1,626.09 |

9. That there are $3.12 telephone and personal charges on claimant's hospital bill that are not compensable under the Crime Victims' Compensation Act.

| | |
|---|---|
| LESS UNCOMPENSABLE | $ 3.12 |
| LESS $200.00 DEDUCTIBLE Pursuant to Sec. 7(d) | $ 200.00 |
| TOTAL | $ 1,422.97 |

10. That the proof submitted in support of this claim satisfied all of the requirements of this Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $1,422.97 (ONE THOUSAND FOUR HUNDRED TWENTY TWO DOLLARS AND NINETY SEVEN CENTS) be awarded Jerome Peters, as an innocent victim of a violent crime.

## AMENDED OPINION
### and
## SUPPLEMENTARY ORDER

This Court has previously filed its opinion in the above matter awarding compensation to the claimant in the total sum of—$1,422.97. However, payment of the said award has been delayed due to an omission in the law concerning certain payment procedures which the General Assembly will remedy as expeditiously as possible.

To expedite a payment of part of the compensation to which the above named claimant is entitled, the Court on its own motion orders herewith an immediate partial payment up to the limit which this Court is legally authorized to order paid in such claims from the Court of Claims Fund.

Accordingly, the Court hereby supplements and amends the opinion and order previously filed in this claim by adding the following further order:

IT IS FURTHER ORDERED that the sum of $999.99 (Nine Hundred Ninety-nine Dollars and ninety-nine cents) be paid to the claimant immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award

due the claimant in the sum of $422.98 be referred forthwith to the General Assembly for its approval.